UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN PORTILLA, on behalf of himself,
individually, and on behalf of all others similarly-situated,

**COMPLAINT**

Plaintiff,

**Docket No.:**

-against-

**Jury Trial Demanded**

BRIDGEHAMPTON STONE, INC., and BRIDGEHAMPTON
STONE & BRICK, INC., and DANIEL MESSINA,
an individual, and CESAR VILLANSACA, an individual,

Defendants.
------------------------------------------------------------------------X

JOHN PORTILLA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BRIDGEHAMPTON STONE, INC. ("BSI"), and BRIDGEHAMPTON STONE & BRICK, INC. ("BSBI"), and DANIEL MESSINA ("Messina"), an individual, and CESAR VILLANSACA ("Villansaca"), an individual, (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (iv) the

1

NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants—a construction company, that company's successor-in-interest, and their principal shareholders and day-to-day overseers—as a construction laborer from in or about September 2011 to February 16, 2017. During his employment, and as relevant to this Complaint, within the six-year period pre-dating the commencement of this action, Defendants required Plaintiff to work, and Plaintiff did work, at least fifty-two and one-half hours per week. However, Defendants paid Plaintiff an hourly rate for only the first forty hours that he worked each week, and thus failed to pay him at any rate of pay, let alone his overtime rate of pay, for all hours that he worked over forty each week.

3. Additionally, Defendants failed to provide Plaintiff with a proper wage notice at the time of his hiring or with accurate wage statements on each payday as the NYLL requires.

4. Defendants paid and treated all of their non-managerial construction laborer employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants resides in this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and/or omissions comprising the claims for relief occurred within this judicial district.

**PARTIES**

9. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA and the NYLL.

10. At all relevant times, Defendant BSI was and is a corporation organized under the laws of the State of New York with its principal place of business located at 5 Windemere Court, Speonk, New York, 11972.

11. At all relevant times, Defendant Messina was the principal shareholder and day-to-day overseer of BSI.

12. At all relevant times, Defendant BSBI was and is a corporation organized under the laws of the State of New York with its principal place of business located at 1 Brian Court, Middle Island, New York, 11953.

13. At all relevant times, Defendant Villansaca was the principal shareholder and day-to-day overseer of BSBI.

14. At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, Defendant BSI's and Defendant BSBI's qualifying annual business exceeded and exceeds $500,000, and each was engaged in interstate commerce within the meaning of the FLSA as each used goods, equipment, and other materials in the course of its business, such as cement, stones, tools, and ladders, much of which originates in states other than New York, the combination of which subjects Defendant BSI and Defendant BSBI to the FLSA's overtime requirements as enterprises.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction laborers who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

17. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on his own behalf, as well as on behalf of those who are similarly-situated whom, during the applicable statutory period, Defendants also subjected to violations of the NYLL and the NYCCRR.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. The Rule 23 Class that Plaintiff seeks to define includes:

   Current and former employees of Defendants who performed any work for Defendants as non-managerial construction laborers during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required overtime rate of pay for each hour worked per week over forty ; (2) were not provided with an accurate wage notice at the time of hire pursuant to NYLL § 195(1); and (3) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3).

Numerosity

21. During the previous six years the Defendants have, in total, employed at least forty individuals that are putative members of this class.

Common Questions of Law and/or Fact

22. There are common questions of law and fact common to each and every Rule 23 Plaintiff, including but not limited to the following: (1) the duties that the Defendants required the Rule 23 Plaintiffs to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Defendants required the Rule 23 Plaintiffs to work in excess of forty hours per week; (4) whether Defendants compensated the Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (5) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire as NYLL § 195(3) requires; (6) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday as NYLL § 195(3) requires; (7) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions were in violation of the NYLL and the NYCCRR; and (11) if so, what is the proper measure of damages.

Typicality of Claims and/or Defenses

23. As described in the facts section below, Defendants employed Plaintiff as a non-managerial construction laborer. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Defendants failed to pay the Rule 23 Plaintiffs at their respective overtime rates of pay for all hours worked per week in excess of forty. Plaintiff and the

Rule 23 Plaintiffs enjoy the same rights under the NYLL and the NYCCRR to be: (1) paid one and one-half times their respective rates of pay for all hours worked per week in excess of forty; (2) furnished with accurate wage notices at the time of hire; and (3) furnished with accurate wage statements on each payday.

24. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR, namely, under compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

25. Plaintiff worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Furthermore, Defendants' treatment of Plaintiff was substantially-similar, if not identical, to Defendants' treatment of the Rule 23 Plaintiffs. Defendants routinely undercompensated Plaintiff and the Rule 23 Plaintiffs, failing to pay them at one and one-half times their actual regular rates of pay for all hours worked each week in excess of forty. Defendants also failed to provide Plaintiff and the Rule 23 Plaintiffs with an accurate wage notice at the time of hire or with accurate wage statements on each payday.

26. Plaintiff is no longer employed with the Defendants and thus has no fear of retribution from Defendants for his participation in this action. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and as to all matters that may be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants similarly mistreated.

Superiority

27. Defendants treated Plaintiff and the Rule 23 Plaintiffs in a substantially similar manner. As such, the material facts concerning Plaintiff's claims are substantially similar, if not identical, to the material facts concerning the Rule 23 Plaintiffs' claims.

28. Any lawsuit brought by one of Defendants' non-managerial construction laborers for Defendants' violations of the NYLL and the NYCCRR would be practically identical to a suit brought by any other employee of Defendants working in that capacity for the same violation.

29. Accordingly, a class action lawsuit would be superior to any other method for protecting the Rule 23 Plaintiffs' rights.

30. In addition, Plaintiff's attorneys are qualified, experienced, and able to conduct this litigation. Plaintiff's attorneys' practice is concentrated primarily in the field of employment law and they have extensive experience in handling class action lawsuits arising out of employers' violations of the provisions of the NYLL and the NYCCRR at issue in this case.

**BACKGROUND FACTS**

31. From at least six years prior to the commencement of this action until on or about July 26, 2016, Defendant BSI was engaged in the construction business, and provided its services to customers in Long Island and New York City.

32. During at least that period of time, Defendant Messina was the principal shareholder and day-to-day overseer of BSI, who in that capacity was responsible for determining employees' rates and methods of pay and the hours that employees were required to work. Furthermore, Defendant Messina personally hired Plaintiff and all other BSI employees.

33. On or about July 26, 2016, Defendant Messina sold Defendant BSI's construction business to Defendant Villansaca, who reincorporated the business as BSBI.

34. Defendant BSBI, as the successor entity of Defendant BSI, assumed liability for all debts, legal obligations and claims against Defendant BSI.

35. The reincorporated business, BSBI, continued to employ Plaintiff and all other persons employed as construction laborers by BSI at the time of the sale of the business, and BSBI has continued and continues to provide its construction services to customers in Long Island and New York City.

36. Defendant Villansaca is the principal shareholder and day-to-day overseer of BSBI who in that capacity is responsible for determining employees' rates and methods of pay and the hours that employees are required to work. Furthermore, Defendant Villansaca personally hired all BSBI employees after the date of sale, and personally fired Plaintiff and any other BSBI employees whose employment has been terminated since then.

37. Defendants employed Plaintiff to work as a construction worker at BSI and BSBI, collectively, from in or about September 2011 to February 16, 2017. Throughout his employment, Plaintiff's duties mainly consisted of preparing and grading the sites of masonry work, laying cement, setting and mortaring bricks, stones, and similar materials, carrying materials and tools, and keeping work areas clean. Plaintiff primarily performed these tasks at different job sites in Long Island and in New York City.

38. Throughout the entirety of his employment, first for BSI and continuing for BSBI, Plaintiff worked from 6:30 a.m. to 5:30 p.m., five days per week, with a thirty-minute lunch break each day, for a total of fifty-two and one-half hours per week.

39. Throughout the entirety of his employment, first for BSI and continuing for BSBI, as reflected on his paystubs, Defendants paid Plaintiff an hourly rate of $17.00 for only the first forty hours that Plaintiff worked each week.

9

40. Throughout his entire employment, Defendants did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay of $25.50 per hour, for any hours that he worked in excess of forty per week.

41. Plaintiff worked more than forty hours in all workweeks in which Defendants employed him. For example, during the workweek of June 12, 2016 to June 18, 2016, Plaintiff worked fifty-two and one-half hours and Defendants paid him $17.00 per hour for only his first forty hours of work. As a second example, during the workweek of February 5, 2017 to February 11, 2017, Plaintiff worked fifty-two and one-half hours and Defendants paid him $17.00 per hour for only his first forty hours of work. Defendants did not compensate Plaintiff at any rate of pay for any hours that he worked in excess of forty in either of those weeks.

42. Defendants paid Plaintiff on a weekly basis.

43. On each occasion when they paid Plaintiff, Defendants did not provide Plaintiff with a wage statement that accurately reflected, *inter alia*, the amount of hours that he worked each week, or his overtime rates of pay for each hour that he worked in excess of forty in a given workweek.

44. Defendants did not furnish Plaintiff at the time of his hire, or any time thereafter, with a wage notice that accurately stated, *inter alia*, his rate(s) of pay, including any overtime rate of pay.

45. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

46. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

47. Every hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

48. On October 13, 2015, a prior legal action was commenced against Defendant BSI and Defendant Messina in the United States District Court for the Eastern District of New York in a case entitled "Juan Mayancela v. Bridgehampton Stone, Inc. and Daniel Messina," under Docket Number 15-cv-05866 (SJF)(AYS).

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

63. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

64. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

65. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with accurate wage notices upon hire, or at any time thereafter, containing the criteria required under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violation occurred, up to the statutory cap of $2,500.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each day after the violation occurred, up to the statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70. As described above Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

71. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with wage statements on each payday containing the criteria that the NYLL requires.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

74. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in this litigation in any form or manner;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that they would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

j. Designation of Plaintiff and his counsel as class representatives under Rule 23;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: April 28, 2017
      Great Neck, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027


  /s/ Shaun M. Malone
SHAUN M. MALONE, ESQ (SM 1543)
ALEXANDER T. COLEMAN, ESQ (AC 8151)
MICHAEL J. BORRELLI, ESQ (MB 8533)